UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

YVETTE RODRIGUEZ,

                     Plaintiff,

v.

GEICO CASUALTY COMPANY,

                     Defendant.

Case No. 2:18-cv-01070-MMD-CWH

ORDER

**I.    SUMMARY**

Plaintiff Yvette Rodriguez sues her insurance company, Defendant GEICO Casualty Company, to collect on her and her mother's uninsured motorist ("UIM") policies following a car accident in which she was injured by a third party with insufficient insurance coverage to cover her resulting expenses. (ECF No. 1-1.) Defendant removed to this Court (ECF No. 1), and now moves to dismiss Plaintiff's bad faith claims (ECF No. 8), or in the alternative, sever them from Plaintiff's breach of contract claim and stay them until her breach of contract claim is resolved (ECF No. 9).[1] Because Plaintiff's bad faith claims as alleged in her Complaint have not crossed the line from conceivable to plausible, the Court will dismiss them without prejudice.

**II.    BACKGROUND**

Plaintiff was injured in a car accident. (ECF No. 1-1 at 4.) A third party struck her while she was waiting at a stop light in the driver's seat of a rental car. (*Id.*) The third party's insurer paid Plaintiff up to the third party's insurance policy limit, but that payment did not cover all of Plaintiff's expenses associated with her injuries. (*Id.* at 4-5.) Plaintiff

---

[1]The Court also reviewed Plaintiff's response (ECF No. 11), and Defendant's reply (ECF No. 13).

lives with her mother. (*Id.*) Both she and her mother have UIM policies with Defendant that will pay up to $100,000 per accident. (*Id.*; ECF No. 1 at 3.) Plaintiff asked Defendant to pay her the policy limit under both policies to cover the damages she suffered in this accident, but Defendant declined and paid her some lesser amount. (ECF No. 1-1 at 5.)

After Defendant declined, Plaintiff filed suit in state district court in Clark County, Nevada. (*Id.* at 2-9.) Plaintiff asserts three claims based on Defendants' refusal to pay at the full policy limits of her and her mother's UIM policies: (1) breach of contract; (2) bad faith and unfair claims practices under NRS 686A.310; and (3) breach of the covenant of good faith and fair dealing. (*Id.* at 5-9.)

Defendant removed on the basis of diversity jurisdiction. (ECF No. 1.) Defendant now moves to dismiss only Plaintiff's second and third claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 8 at 4-5). In the alternative, Defendant moves to sever and stay Plaintiff's second and third claims pending resolution of Plaintiff's first claim for breach of contract—if the Court were to deny Defendant's motion to dismiss. (ECF No. 9.) Because the Court will grant Defendant's motion to dismiss—and dismiss Plaintiff's second and third claims without prejudice—it will deny Defendant's motion to sever and stay as moot.

**III.    DISCUSSION**

    **A.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *See id.* at 679 (alteration in original) (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

### B. Plaintiff's Bad Faith Claims

Plaintiff's claims against Defendant break into two conceptual groups. In the first group (also the first claim—for breach of contract), Plaintiff sues Defendant because Defendant did not pay her the amount she believes she is entitled to under the applicable insurance policies. (ECF. No. 1-1 at 5-6.) In the second group (the second and third claims), Plaintiff sues Defendant because she alleges Defendant handled her claim in bad faith, for example by failing to properly investigate her claim, making a baselessly low settlement offer, misrepresenting her coverage under the applicable policies, failing to promptly respond to her communications, etc. (*Id.* at 6-9.) Her claim for breach of the covenant of good faith and fair dealing also falls into this bad faith group. *See Tracey v. Am. Family Mut. Ins. Co.*, Case No. 2:09-cv-01257-GMN, 2010 WL

3613875, at *2 (D. Nev. Sept. 8, 2010) ("A claim of breach of the covenant of good faith and fair dealing is, in essence, a claim for bad faith.")

Defendant did not move to dismiss Plaintiff's breach of contract claim. (ECF No. 8 at 17.) Thus, the Court will not address that claim here. However, Defendant makes several arguments as to why Plaintiff's bad faith claims (claims two and three) should be dismissed. The Court addresses these arguments below.

### 1. Prematurity

Defendant argues Plaintiff's bad faith claims should be dismissed because they are premature, meaning that the Court would have to find Defendant liable under Plaintiff's breach of contract claim before allowing the bad faith claims to proceed. (ECF No. 8 at 10-14.) The Court disagrees. *See Ahuja v. W. United Ins. Co.*, Case No. 3:13-cv-00038-MMD, 2013 WL 5316538, at *2-*3 (D. Nev. Sept. 23, 2013) (rejecting this same argument under applicable law).

### 2. Genuine Dispute Doctrine

Defendant further argues Plaintiff's bad faith claims should be dismissed under the genuine dispute doctrine. (ECF No. 8 at 7-9.) The Court also disagrees with this argument—ruling on Plaintiff's claims under the genuine dispute doctrine is premature at this stage in the litigation. There is no evidence before the Court regarding the pre-litigation dispute between Plaintiff and Defendant. Therefore, the Court cannot yet say whether that dispute is genuine. *See Tracey*, 2010 WL 3613875, at *2, *3 (noting that "a bad faith claim should be dismissed on *summary judgment* if the defendant demonstrates that there was a genuine dispute as to coverage[,]" and denying summary judgment to insurer because the evidence before the court suggested insurer's investigation was unreasonable) (emphasis added, internal citation and quotation marks omitted).

### 3. *Iqbal/Twombly*

More generally, Defendant argues that Plaintiff's bad faith claims should be dismissed because Plaintiff's Complaint lacks plausible factual allegations as required by

1  Fed. R. Civ. P. 8(a)—as interpreted by the Supreme Court in *Iqbal* and *Twombly*. (ECF
2  No. 8 at 3-6, 9-10.) The Court agrees. Plaintiff's Complaint lacks facts. (ECF No. 1-1.)
3  Further, Plaintiff fails to counter Defendant's argument by pointing to facts in her
4  Complaint that get her over the line from conceivable to plausible. Instead, she basically
5  argues her bad faith claims are conceivable. (ECF No. 11 at 4, 8-10.) But that is not
6  enough to avoid dismissal here. *See Twombly*, 550 U.S. at 570.

Perhaps the most significant issue with Plaintiff's Complaint is that it lacks any factual allegations explaining why Plaintiff is entitled to the full policy limits of the two policies, or any amount more than what Defendant already paid or agreed to pay. (ECF No. 1-1 at 5 (stating merely that Plaintiff demanded Defendant pay at the policy limit after determining the underinsured third party would not pay enough, and that Defendant refused to make an adequate payment).) For example, Plaintiff's Complaint does not state the cost of medical care she incurred, nor estimate the wages she lost as a result of her injuries. Further, Plaintiff's Complaint contains no factual information regarding Defendant's investigation of her claim as Plaintiff experienced it. Plaintiff's claims depend on these allegations. Without them, her bad faith claims are insufficiently plausible and must be dismissed. *See, e.g.*, *Ngan Le v. Sentinel Ins. Co.*, Case No. 2:14-cv-00747-APG, 2015 WL 685215, at *3 (D. Nev. Feb. 17, 2015).

The Court will therefore dismiss Plaintiff's second and third claims for bad faith, unfair claims practices, and breach of the covenant of good faith and fair dealing. However, the Court also grants Plaintiff leave to amend her Complaint if she can articulate factual allegations that sufficiently support her bad faith claims, as the Court cannot find that amendment is futile. *See id.*

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's motions.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 8) is granted. Plaintiff's second and third claims (for bad faith, unfair claims practices, and breach of the covenant of good faith and fair dealing) are dismissed without prejudice, and with leave to amend, if Plaintiff so chooses. Plaintiff will have fifteen days to file an amended complaint to cure the deficiencies identified in this order. Failure to do so will result in dismissal of these claims with prejudice.

It is further ordered that Defendant's motion to stay (ECF No. 9) is denied as moot.

DATED THIS 24th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE